# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI, | CASE NO. 1:10-cv-01134-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| AMP'D SERVICE CENTER, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff Roxanne Ari ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed June 23, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the Central California Women's Facility. The complaint is brought against Defendants AMP'D Service Center and Access Securepak alleging that a compact disc player which Plaintiff ordered was defective when she received it. After returning the compact disc player, Plaintiff wrote two letters to Defendant AMP'D Service Center requesting that they send her a working compact disc player and she has never received one.

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects individual rights only from *government* action, not from *private* action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)) (emphasis in original).

Plaintiff's complaint is devoid of any factual allegations against Defendant Access Securepak

1 and the allegation that Defendant AMP'D has not sent her a replacement compact disc player does
2 not allege acts by any person "acting under the color of law" and does not state a cognizable claim
3 under section 1983.  See Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

4 **III.     Conclusion and Recommendation**

5      The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be
6 granted under § 1983 against any named defendant.  Under Rule 15(a) of the Federal Rules of Civil
7 Procedure, leave to amend 'shall be freely given when justice so requires.'"  In addition, "[l]eave to
8 amend should be granted if it appears at all possible that the plaintiff can correct the defect."  Lopez
9 v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action
10 Plaintiff suit against private parties is insufficient to state a claim under § 1983.  The Court finds that
11 the deficiencies outlined above are not capable of being cured by amendment, and therefore further
12 leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d
13 1446, 1448-49 (9th Cir. 1987).

14      Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action
15 be dismissed in its entirety, without leave to amend, for failure to state a claim upon which relief can
16 be granted.

17      These findings and recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
19 days after being served with these findings and recommendations, Plaintiff may file written
20 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
23 1153 (9th Cir. 1991).

24      IT IS SO ORDERED.

25  Dated:   **November 1, 2011**              **/s/ Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE
26
27
28

3